Aguiar, J.
This appeal raises the issue of whether the court erred in finding that the plaintiffs failed to produce a ready, willing and able buyer for a sale of real estate in light of the defendants’ admission in the pleadings that the plaintiffs had secured a buyer concerning a lease with an option to purchase. We find no error.
The defendants’ admissions relative to the lease with an option to purchase are not relevant to the issue of whether there was a willing and able buyer for the sale of the real estate. The plaintiffs’ commission was contingent upon a sale of the real estate and not upon the signing of a lease with an option to purchase.
This is an action in contract in which the plaintiffs seek to recover compensation for services as real estate brokers in securing a buyer for the defendants. The defendants filed an answer in which they admitted that the plaintiffs secured a buyer, that Yon Freymann had entered into a written brokerage agreement, and that a buyer secured by the plaintiffs had entered into an agreement with the defendants. They denied that the buyer had exercised an option contained in the agreement with the defendants and that the plaintiffs were entitled to the agreed upon commission.
The evidence was that a lease with an option to purchase was executed by the parties. Under the terms of the agreement, John Sergio had the right to purchase the real estate and the business at anytime within two years. He was to pay $333,000.00 and grant the defendants a second mortgage for $167,000.00. A deposit of $50,000.00 was to be applied against the purchase price. The broker’s commission was to be paid if and when the sale takes place and the seller is to be responsible for it. From the execution of the agreement in August, 1990 to date, John Sergio has been in possession of the real estate and has operated the business. In late May, 1992 John Sergio, but not the defendant, executed a second amendment to the August 22, 1990 agreement. That document provided that the defendants would grant a mortgage of $174,000.00, rather than $167,000.00 and that a balance of $326,000.00, rather than $333,000.00 was due at the time of sale. In addition to paying the agreed price, John Sergio also agreed he would secure receipted commission statements and release from the brokers, which he did not do. During this period of time John Sergio had a net worth of about $1.5 million and was entitled each year to net lottery funds of around $34,000.00. He denied he had sufficient funds to consummate the transaction. There has not been a transfer of title from the defendants to John Sergio.
On or about September 22,1992 Yon Freymann and the corporation entered in a *246 lease with John Sergio. The lease was for a term of fifty years. There was no evidence the plaintiffs were involved in negotiating this document.
The court specifically found that the plaintiffs had not produced a ready, willing and able buyer for the defendants and that the defendants and John Sergio had not entered into a binding agreement to purchase both the land and the business belonging to the defendants. The court found that the option to purchase had not been exercised because the sale never took place.
For the plaintiffs to recover their commission, they would have to prove that they produced a ready, willing and able purchaser to perform on the terms fixed by the seller; the buyer and seller must enter a written purchase and sales agreement; and title must pass, unless the closing is prevented by wrongful conduct of the seller. Tristam’s Landing, Inc. v. Wait, 367 Mass. 622. Plaintiffs failed to prove any of these requirements as per the findings of the court. There is no error. Judgment for the defendants is affirmed and the Report is dismissed.